IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01764-KLM

JOSEPH D. PROSSER,

    Plaintiff,

v.

WHAYNE & SONS ENTERPRISES, INC.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Unopposed Motion to Stay Pending Arbitration** [#31][1] (the "Motion"). Plaintiff seeks a stay of this case while arbitration proceedings are held. For the reasons set forth below, the unopposed Motion [#31] is **GRANTED in part**.

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007). However, a stay may be appropriate in certain circumstances. For example, the Federal Arbitration Act reflects a strong federal policy in favor of arbitration agreements. *McWilliams v. Logicon Inc.*, 143 F.3d 573, 576 (10th Cir. 1998). The Tenth Circuit Court of Appeals has stated that there is a presumption in favor of arbitrability and that all doubts as to the scope of arbitration must be resolved in favor of arbitrability. *Id.*

---

[1] "[#31]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

The Court first determines whether a valid agreement to arbitrate exists. *Spahr v. Secco*, 330 F. 3d 1266, 1269 (10th Cir. 2003). "The Court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the Court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C § 4. The standard for determining the scope of arbitrability is liberally construed in favor of enforcing an agreement to arbitrate. *Moses H. Cohen Mem'l Hosp. v. Mercury Constr. Grp.*, 460 U.S. 1, 24-25 (1983). Once the Court determines that the claims are subject to an arbitration agreement, the Court must stay "the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. If "all of [the] plaintiff's claims are subject to arbitration, under the FAA, [the Court] must stay litigation of the entire case pending arbitration." *GATX Mgmt. Servs., LLC v. Weakland*, 171 F. Supp. 2d 1159, 1167 (D. Colo. 2001).

Here, first, the parties agree and stipulate that the disputes in this litigation arise from Plaintiff's employment or separation of employment. *Motion* [#31] at 1. Second, the parties further stipulate as to the existence of arbitration agreements relevant to this matter. *Id.* at 2. Third, the parties stipulate that "the agreements set forth that all matters relating to the employment of [Plaintiff] must be arbitrated." *Id.* Based on the filings in this matter, the Court finds no reason to disturb the parties' stipulated agreements on these issues. Accordingly, the Court must stay this matter pending the outcome of arbitration.[2] *See Elliott*

---

[2] The parties' agreement regarding the need to arbitrate this dispute distinguishes the stay requested in this matter from stays requested in matters where disputed motions to compel

*v. Essex Motors, LLC*, No. 12-cv-01078-REB-KLM, 2012 WL 4049844, at *1 (D. Colo. Sept. 13, 2012) (stating that "a stay is only required *after* a determination has been made that the parties have a valid arbitration agreement" (citing 9 U.S.C. § 3 (stay only required by the court "upon being satisfied that the issue involved . . . is referable to arbitration"); *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1370 (Fed. Cir. 2006) (if district court satisfied issue involved is arbitrable, then it must grant stay)).

However, although a stay of proceedings in this matter is warranted, the circumstances presented here make this case eminently more suited for administrative closure, given the fact that arbitration should resolve all outstanding issues. As stated below:

> [T]he Court concludes that . . . it is appropriate to stay this entire case pending arbitration pursuant to 9 U.S.C. § 3. [footnote omitted] [citation omitted]. However, instead of a stay, the Court will administratively close this case subject to reopening for good cause pursuant to D.C.COLO.LCivR. 41.2. Administrative closure is appropriate because the Court has stayed the entire action and the length of time to complete the arbitration process is unknown. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999) (noting that "an administrative closing has no effect other than to remove a case from the court's active docket and . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality").

*Adams v. Modernad Media, LLC*, No. 12-cv-00513-PAB-MEH, 2013 WL 674024, at *9 (D.

---

arbitration are pending. *Compare Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278 (D. Colo. Jan. 7, 2010) (granting rare stay due to existence of class claims and potentially onerous discovery during pendency of motion to compel arbitration which would likely foreclose pursuit of class claims), *with e.g.*, *Lester v. Gene Exp, Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555 (D. Colo. Mar. 2, 2010) (denying stay during pendency of motion to compel arbitration); *Bushman Inv. Props., Ltd. v. DBSI E-470 East LLC*, No. 09-cv-00674-MSK-KLM, 2010 WL 330224 (D. Colo. Jan. 20, 2010) (same); *Orbitcom, Inc. v. Qwest Communs. Corp.*, No. 09-cv-00181-WDM-KLM, 2009 WL 1668547 (D. Colo. June 15, 2009) (same).

Colo. Feb. 25, 2013).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#31] is **GRANTED in part**.

IT IS FURTHER **ORDERED** that the Clerk shall **administratively close** this case. See D.C.COLO.LCivR 41.2 (". . . [A] magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause.").[3]

IT IS FURTHER **ORDERED** that, **no later than twenty days** after the completion of the arbitration proceedings, the parties shall file a Status Report in which they advise the Court whether the parties believe the case should be reopened for good cause or whether the case should be dismissed.

Dated:  January 8, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[3] The undersigned exercises consent jurisdiction pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c).  See Order of Reference [#24]; Consent to Jurisdiction of Magistrate Judge [#23].